DISTRICT COURT COPY

RWP:sls

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO. 00-6023-CR-DIMITOULEAS

UNITED STATES OF AMERICA,

v.

MARC H. NUNES
and
PAUL M. HOWELL,

Defendants.
_____/

NIGHT BOX
FILED

FEB 2 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

THIS CAUSE having come before this Court on the Government's Motion for Pre-trial Detention of defendant Howell, the United States of America hereby files its Memorandum in Support of an Order denying the defendants bond and detaining the defendants pending trial for the reasons set forth below.

### FACTS

1. On March 15, 1998, U.S. Customs Agents assigned to the RAIC/Ft. Lauderdale, Florida, began an investigation directed at drug smuggling organizations which utilize commercial aircraft to smuggle narcotics into the United States and specifically one Roy A. Brathwaite, for violation of Title 21 USC 952 & 841. U.S. Customs Agents of the RAIC/ Fort Lauderdale seized approximately 37.33



pounds of cocaine (16 kilograms) and 11.2 pounds of marijuana (5 kilograms). The narcotics were contained in an **unclaimed** piece of luggage with two tags bearing the name and address for Roy Brathwaite. The luggage had arrived on Air Jamaica Flight 089 that some date. The piece of luggage containing the cocaine and marijuana had an Air Jamaica checked luggage bar code tag on it in the name of "Roy Brathwaite" bearing # JM574898, dated March 15, 1998. The luggage identification tag was filled out via handwriting in the name of Roy Brathwaite with an address of 6109 SW 40th Street, Miramar, Florida.

    2. On March 20, 1998, the baggage identification tag and the U.S. Customs Declaration form presented upon arrival in the United States by Defendant Roy Brathwaite were submitted to Broward County Crime laboratory for analysis. In addition, writing exemplars from Defendant Roy Brathwaite's Immigration and Naturalization file along with a copy of Roy Brathwaite's drivers license identification were provided for comparison analyses. On March 31, 1998, Broward County Handwriting Expert Howard Seiden positively identified Roy Brathwaite's handwriting found in his Immigration and Naturalization file and State of Florida drivers license identification with the narcotics baggage identification tags and the U.S. Customs Declaration signed by Defendant Brathwaite.

    3. On April 28, 1998, Defendant Roy Brathwaite was finally apprehended on Southwest 40th Street, Miramar, Florida, and after being read his Miranda Warnings and advised of the charges, the Defendant stated "How can you arrest me when you did not catch me with any drugs." Prior to the statement no agent had informed the Defendant about the nature of the fact and circumstances surrounding the seizure of the **unclaimed** luggage containing the marijuana and cocaine.

4. Defendant Brathwaite was indicted on April 29, 1998, and when arrested admitted involvement in the above importation. Subsequently Defendant Brathwaite plead guilty on June 30, 1998 to conspiracy to import and after agreeing to cooperate prior to receiving a sentence of 90 months imprisonment on October 2, 1998. Defendant Brathwaite reported that ( Keith Murray identified in a photo lineup by Brathwaite) purchased airline tickets for travel in order to smuggle narcotics. U.S. Customs subpoenaed the records of Western Union and performed an analysis. Brathwaite stated that Keith Murray would receive the money to purchase tickets from Marc LNU (identified in a photo line up by Brathwaite as **Marc Nunes**) in Jamaica. This money was said to be wire transferred via Western Union in Jamaica to a Western Union location in Broward County. Records obtained from Western Union indicated several wire transfers from **Marc Nunes** in Jamaica to Keith Murray in Broward County. Information provided to Western Union such as contact numbers and addresses match those contact numbers and addresses previously obtained for Keith Murray and Avril Patrick, of specific relevance were those wire transfers for $500.00 from **Marc Nunes** to Keith Murray which occurred on 12/16/97 and 3/12/98. These match with tickets obtained for Roy Brathwaite that show ticket purchases for travel on 12/16/97 and 3/12/98 from Jamaica to Miami to Fort Lauderdale. The cost of the aforementioned tickets were $457.00 and $388.00 respectively.

Additionally, an individual (identified by Brathwaite in a photo lineup as **Paul Howell**) was identified by Brathwaite as an individual who invests money into the smuggling ventures and provides security and information with his ability to access secure area with his airport identification.

5. On March 19, 1999, Agents interviewed Quayle Monrae Richardson after he agreed to cooperate upon receiving a grand jury target letter. Richardson reported that he and others had

smuggled drugs from Jamaica on two prior occasions; once on February 19, 1998, and once on March 15, 1998. On each of these occasions he conspired with individuals named Keith Murray (identified in a photo line up by Richardson), Pablo LNU ( identified as **Paul Howell** in a photo line up by Richardson) and Roy Brathwaite. Richardson's responsibility in the smuggling conspiracy was to divert the bag of narcotics from the foreign baggage carrousel to the domestic carrousel Keith Murray paid Richardson $5,000.00 for the bag of narcotics that was successfully smuggled on February 19, 1999. Richardson received the payment at a restroom located at Fort Lauderdale International Airport. Richardson met with both Keith Murray and Roy Brathwaite at the Blockbuster video store located at Broward Blvd. and State Road 7. In the parking lot of Blockbuster the three discussed how the smuggling would occur and Richardson was shown the bag which he scratched against the parking block for later identification.

6. In March of 1998, Richardson met with Keith Murray at an unknown location where he was shown another piece of luggage which narcotics were to be smuggled in. According to Richardson this bag was replaced with a piece of luggage with a Tommy Hilfiger logo on it. On March 15, 1998, Richardson stated that he was continuously paged by Keith Murray so he would know to divert the bag of narcotics from the U.S. Customs carrousel. Richardson stated that he could not locate the bag in time to divert it, thus resulting in the one seizure in this case. Richardson also admitted asking an unknown Air Jamaica ticket agent to use her computer access to determine if Roy Brathwaite was traveling on flight 089 in February of 1998. Quayle Richardson stated that **Paul Howell** was contacted by the group and subsequently traveled to the airport in order to determine if the drugs had been stolen or seized. Richardson described **Howell** as an individual who had access to secure areas at the airport with his airport identification.

4

7. On October 13, 1999, Agents interviewed Keith Anthony Murray, after he agreed to be debriefed, subsequent to his arrest. Murray stated that he and others had smuggled drugs from Jamaica on two prior occasions: once in February of 1998, and once in March of 1998. On each of these occasions he conspired with individuals named Quayle Richardson, Roy Brathwaite, Pablo LNU **(Paul Howell)**, **Marc Nunes**, and others whose full name he did not know. Murray's responsibility in the smuggling conspiracy included arranging meetings, developing connections at the airport, transporting the drugs from the airport and picking up co-conspirators who were traveling in furtherance of the smuggling conspiracy. Murray was instructed by **Marc Nunes** to contact Roger LNU who worked at the Fort Lauderdale Airport pizza place located inside the terminal. Murray was supplied with a telephone number for Quayle Richardson by Roger LNU. **Marc Nunes** supplied Murray with suitcases to show to Richardson. Murray met with both Quayle Richardson and Roy Brathwaite at a Blockbuster video store located at Broward Blvd. and State Road 7. In the parking lot of Blockbuster the three discussed how the smuggling would occur and Richardson was shown the bag which he would supply to Brathwaite to transport the drugs. Murray admitted to paying the individual (identified in a photo lineup by Murray as Quayle Richardson) $5,000.00 in an airport restroom for the bag of narcotics that was successfully smuggled in February of 1998.

8. During the second attempt to smuggle drugs Murray was wire transferred $500.00 from **Marc Nunes** to purchase an airline ticket for Roy Brathwaite. Murray drove Roy Brathwaite to purchase the airline ticket at Gino's Travel Agency. Murray also transported **Marc Nunes** to the Fort Lauderdale Airport to retrieve the drugs in February 1998. Subsequent to the seizure of drugs in March of 1998, Murray went to Richardson's house with Brathwaite. The group, including Richardson, then went to Fort Lauderdale International Airport in an attempt to ascertain if the bag

of drugs was seized or possibly stolen by one of the individuals involved in the conspiracy. In route to the airport they all met with an individual known as Pablo ( **Paul Howell**). Murray and Brathwaite followed **Howell** to the airport. Upon arrival Howell attempted to determine if the drugs had been seized by Customs. Murray stated that Howell has access to secure areas of the airport.

9. Telephone number 305-380-9624 provided by Keith Murray as a telephone number for **Marc Nune's** girlfriend was subpoenaed for subscriber and billing information. The subscriber of this phone is listed as Carol Johnson with an address of 14273 SW 94th Circle Lane, Miami, Florida 33186. This address matches the address provided by **Marc Nunes** on Customs Declaration Forms and interviews with Customs Inspectors. This telephone number appeared on toll records obtained for a cellular phone in the name of Avril Patrick the wife of Keith Murray. Telephone number 305-380-9624(**Nunes**) is called by telephone number 954-562-3645(Murray) nine (9) times from November 29, 1997 to December 7, 1997. Travel records obtained for Roy Brathwaite indicate he purchased a ticket to travel to Jamaica on December 16, 1997.

10. On June 22, 1998, defendant Roy Brathwaite provided information concerning a hidden compartment under the center console of Keith Murray's Toyota Corolla. Brathwaite stated that Murray keeps contact numbers and names for other individuals involved in smuggling the cocaine in this hidden compartment. On August 18, 1999, Keith Murray was arrested while driving his Toyota Corolla across the Lewiston Bridge into New York from Canada. A search of the vehicle revealed a hidden compartment under the center console containing a plastic bag with papers and cards bearing names and telephone numbers of the various conspirators. Among the numbers and names were the following: Quayle 981-2710, **Mark** 809-978-6092, 954-450-9096 and 305-380-9624, Subby 876-941-1582 and 876-815-2711 cellular, Lox 876-983-9459 and 876-983-9064, Roy 209-3185, **Paul**

6

437-5595 and several business cards for Gino's Travel Agency (the same travel agency where the airline tickets for Brathwaite were purchased). Subscriber information subpoenaed revealed the following regarding the aforementioned numbers. Quayle Richardson's home phone number is 981-2710. Carol Johnson is the subscriber to telephone number 305-380-9624 located at 14273 SW 94th Circle lane Miami FL (address used by **Marc Nunes**). The subscriber for telephone number 876-983-9459 is Loxley Melvin in Jamaica. This number was called by a cooperating defendant in this case who discussed an additional smuggling venture with Loxley Melvin during a consensually recorded telephone call. Subscriber information for telephone number 876-941-1582 is Karen Chavalleau in Kingston Jamaica. This number was disconnected shortly after Murray's arrest in June of 1999. Subscriber information for telephone number 954-437-5595 is **Paul Howell** located at 1876 SW 177 Terrace Miramar, FL. Toll analysis of Avril Patrick's cellular phone account (Keith Murray's wife) confirms at least eight (8) phone calls to this pager.

11.  **Paul Howell** is an employee of CADD Engineering Inc. Telephone toll analysis on phone numbers 954-562-3645 and 954-261-1514, the cellular phone account in the name of Avril Patrick (the wife of Keith Murray) and Keith Murray, respectively, reflects seven (7) calls to Civil CADD Engineering Inc. One of these phone calls occurred on December 8, 1997, eight days prior to Roy Brathwaite traveling to Jamaica in an attempt to smuggle cocaine. Because of **Howell's** position as a subcontracted engineer for the airport, he was issued a security pass by Broward County Aviation. This security pass gives him access to most secure areas of the airport. Roy Brathwaite provided information regarding the location where **Paul Howell** was met by members of the organization. Brathwaite and Richardson correctly described and identified in a photograph CADD Engineering Inc. located at 1011 Ives Dairy Road. Auto Track information lists 1876 SW

7

177 Terrace, Miramar, FL 33029, as an address for **Paul Howell**. In addition, Auto Track and subscriber information list a current phone number for **Paul Howell** as 954-437-5595, this number is called three (3) times by cellular number 954-562-3645( Murray's wife). Auto Track information lists an additional address for **Paul Howell** of 3509 East Shore Road, Miramar, FL 33023. Auto Track information and subscriber information show two (2) phone numbers for address 3509 East Shore Road, Miramar, Florida, in the name of Joan Wignal. The phone numbers for 3509 East Shore Road are 954-986-1078 and 954-986-9986.

Toll analysis for the phone number 954-989-9986 (address for **Paul Howell**) shows that it is called from the cellular phone 954-562-3645(Murray's wife) eleven (11) times during a period spanning from December 6, 1997 to June 6, 1998. One (1) of these calls occurred on December 6, 1997, and two (2) calls occurred on December 9, 1997. The fourth and final call in December occurred on December 17, 1997, the same day travel records reflect Roy Brathwaite entered the Fort Lauderdale International Airport from Jamaica. Brathwaite, Murray, and Richardson describe this date as the first successfully smuggled load of narcotics in this conspiracy.

Toll records reflect four (4) additional calls in February of 1998, from 954-562-3645 (Murray's wife) to 954-986-9986 (**Howell**). The first call occurred on February 5, 1998, while the second and third calls occurred on February 6, 1998. The final call in February of 1998 occurred on February 14, 1998. Travel records in evidence show Roy Brathwaite departed Fort Lauderdale International Airport for Jamaica on February 14, 1998. Brathwaite has reported that this trip was an only an attempt to smuggle narcotics. Toll records reflect that the aforementioned telephone number at the 3509 E Shore Road address for **Paul Howell** 954-986-1078 is called by telephone number 954-261-1514 (Keith Murray) four (4) times. All four (4) calls occur on March 14, 1998,

8

the day prior to Roy Brathwaite's return from Jamaica and the subsequent seizure of narcotics on March 15, 1998. It should be noted that on January 14, 1998, telephone number 954-437-5595(**Howell**), telephone number 954-986-9986 (Joan Wignal address for **Howell**) and telephone number 954-923-8332 (CADD Engineering) are called at 05:53 p.m., 08:18 p.m., and 08:23 p.m., respectively.

12. On December 13, 1999, a Matrix Security Systems log indicating the use of **Paul Howell's** security pass (swipe card used to access secure doors at Fort Lauderdale International Airport) was obtained from Broward County Aviation Department for the time period of February 12, 1998, thru March 9, 1998. According to travel documents obtained from Gino's Travel Agency, Roy Brathwaite purchased tickets to travel and return from Jamaica to Fort Lauderdale International Airport which was to arrive on February 16, 1998 at 7:55 p.m. According to Security logs **Paul Howell** used his security access card to access the Customs International flight baggage door at 8:47 p.m. and exited at 8:53 p.m. on February 16, 1998. According to Customs computerized travel records for Roy Brathwaite and information provided by Brathwaite he actually returned on February 19, 1998 at 8:41 p.m. According to security logs **Paul Howell** entered and exited the International flights baggage door at the following times, 7:03 p.m. and 8:03 p.m., 8:06 p.m. and 8:42 p.m., 10:01 p.m. and 10:06 p.m on February 19, 1998. Roy Brathwaite stated that the trip on February 19, 1998, was a failed smuggling attempt. According to Broward County Aviation the T-4 International baggage door is a heavily traveled door which provides opportunity for personnel to travel behind other personnel without swiping their own security pass. This practice known as (piggy backing) avoids a record of entry or exit being recorded by the Matrix Security System.

13. Employee time card records for **Paul Howell** were obtained from Broward County Aviation Department. Comparisons of the time cards for a period from January 31, 1998, to March 20, 1998, and the security swipe card records for the period of February 12, 1998, thru March 16, 1998, were performed. According to the time cards, **Paul Howell** worked at Highland Lakes, a work site not located at the Fort Lauderdale International Airport on the following dates February 16, 1998, February 18, 1998, February 19, 1998, and March 6, 1998. In addition, time cards reflect that **Paul Howell** had the day off on March 9, 1998. According to the security logs **Paul Howell** entered and exited the international baggage claim door a total of eleven (11) times in addition to entering or exiting the concourse five (5) times during these dates. The time periods for accessing the secure areas of the Fort Lauderdale International Airport on these dates occur between the hours of 5:30 p.m. and 11:00 p.m. According to the Director of Planning for Broward County Aviation, **Paul Howell** (CADD Engineering) was responsible for measurements at the terminal area. The Director stated that these measurements would normally be performed from inside the terminal during daylight hours. Therefore, the Director could not understand the repeated accessing of the International baggage claim areas during hours of darkness.

14. Richardson, Brathwaite and Murray independently provided corroborating information regarding a van used by **Paul Howell** to travel to the Fort Lauderdale International Airport in order to determine what happened to the narcotics that were seized on March 15, 1998. In addition, Roy Brathwaite in a debriefing on May 19, 1998, provided information on a vehicle driven by Paul Howell. Roy Brathwaite reported that Paul Howell drives a Gold Lexus two door vehicle. Florida vehicle registration checks reveals that a 1995 beige two door Lexus SC 400 is registered to **Paul Howell** at 1876 SW 177 Terrace, Miramar, FL.

## ARGUMENT

The Government's proffer to this Court establishes by a preponderance of the evidence that defendant Paul Howell possesses a risk of flight if released on bond pending trial. In addition, there is clear and convincing evidence that the defendant also possesses a danger to this community.

Because defendant Howell has been charged with violating a statute contained in the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which a minimum term of imprisonment of ten (10) years is prescribed, there is a rebuttable presumption of risk of flight and danger to the community [18 U.S.C. § 3142(e)]. As such, the defendant has the burden to produce evidence demonstrating that he is not a flight risk or a danger to the community. United States v. Quartermaine, 913 F.2d 910 (11th Cir. 1990).

The Government's proffer, in accordance with the factors to be considered in 18 U.S.C. § 3142(g), suggest substantial evidence of the defendant's risk of flight and danger to the community, namely:

1. 37 pounds of cocaine, a Schedule II narcotic controlled substance, is involved in the offenses against the defendant;

2. 11 pounds of marijuana, a Schedule I narcotic controlled substance, is involved in the offenses against the defendant;

3. The evidence, which includes three convicted co-conspirator identifications of defendant Howell's role in the narcotics conspiracy, as indicated in the above facts, is strong.

4. The defendant faces up to life imprisonment under the statute and over 10 years under the Sentencing Guidelines just on the facts set out above not including any enhancement for abuse of position of trust with regard to the use of the airport security pass;

5. The defendant is now aware of the Government's case against him, having heard the Government's proffer;

6. The Government's informants have agreed to testify should this case proceed to trial and will introduce all of the evidence list above including evidence of a successfully imported shipment of narcotics into Broward County, Florida in February 1998;

7. The Government's seizure of 16 kilograms of cocaine and 5 kilograms of marijuana at the Fort Lauderdale International Airport in this case can be considered persuasive evidence of the conspirators intent to participate in future narcotics transaction.

8. The defendant's frequent use of his airport security pass to track and assist in the importation of two shipments of narcotics from Jamaica into the United States shows that this drug enterprise was well organized and would severely impact this community.

9. The defendant was born in Jamaica; has extensive family ties to his native country of Jamaica; and recently traveled between Jamaica and the United States.

Clearly the Government's factual recitation established by a preponderance of the evidence that the defendant is a risk of flight. United States v. King, 849 F.2d 485 (11th Cir. 1988). In addition to providing sufficient evidence of the defendant's risk of flight, the Government's proffer also established that the defendants are a danger to this community if given a bond prior to trial.

## CONCLUSION

The facts presented to this Court support a finding that defendant Paul Howell is a flight risk and a danger to the community. For the reasons stated above, the United States requests that this

Court enter an Order granting the Government's motion for pretrial detention.

                            Respectfully submitted,

                            THOMAS E. SCOTT
                            UNITED STATES ATTORNEY

By: _____
     ROGER W. POWELL
     ASSISTANT UNITED STATES ATTORNEY
     Florida Bar No.341411
     500 E. Broward Blvd., Suite 700
     Fort Lauderdale, Florida 33394
     Tel:(954)356-7255; Fax:356-7336

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law was faxed on the 2nd day of February 2000, and hand delivered on the 3rd day of February 2000, to the following:

      Mr. Michael Hursey, Esq.
      Attorney for Defendant Howell
      305 South Andrews Avenue, Suite 800
      Fort Lauderdale, Florida 33301

      Mr. Abe A. Bailey, Esq.
      Attorney for Defendant Nunes
      18350 N.W. 2nd Avenue, 5th Floor
      Miami, Florida 33169

                         _____
                         ROGER W. POWELL
                         ASSISTANT U.S. ATTORNEY