UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6023-CR-DIMITROULEAS

UNITED STATES OF AMERICA,          :

          Plaintiff,          :

v.          :

MARC H. NUNES, et al.,          :

          Defendants.          :

_____



## DETENTION ORDER

      Pursuant to 18 U.S.C. § 3142(f), on February 7, 2000, a hearing was held to determine whether the defendant **Paul M. Howell** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Paul M. Howell** be detained prior to trial and until the conclusion thereof.

      In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

      1.  The defendant is charged with conspiracy to import cocaine, attempt to import cocaine and marijuana and attempt to possess with intent to distribute cocaine and marijuana, in



violation of 21 U.S.C. §§ 963 and 846. Therefore, the defendant is charged with offense involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant was part of an organization that smuggled cocaine and marijuana from Jamaica into the United States through the Fort Lauderdale International Airport. The defendant was an investor in the venture, and provided security at the airport by means of a security pass which he possessed by virtue of his employment as a contract engineer for a company engaged in airport construction work.

The first documented attempt to import drugs occurred on December 17, 1997. This attempt failed, but a second attempt, on February 19, 1998, was successful. On March 15, 1998, the group attempted to import sixteen kilograms of cocaine and five kilograms of marijuana. This load was intercepted by federal law enforcement officers.

Three co-conspirators have provided information pertaining to the defendant's involvement. In addition, records reflect numerous telephone contacts between the defendant and his co-conspirators, as well as several nighttime uses of the defendant's airport security pass on the dates relevant to the charges in this indictment. 18 U.S.C. § 3142(g)(2).

3.    The pertinent history and characteristics of the defendant are that he is a Jamaican national who is a naturalized citizen of the United States.  The defendant's parents and two brothers reside in Jamaica, and the defendant traveled to Jamaica in October or November of last year.  The defendant is purchasing a home in Miramar, where he resides with his sister.  Several of the defendant's family members, from Jamaica and the United States, attended the detention hearing and offered to pledge property to secure a bond.  However, the defendant maintains strong ties to Jamaica and must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4.    There is probable cause to believe the defendant conspired and attempted to import and possess with intent to distribute cocaine and marijuana, offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S. § 801, et seq. and § 901, et seq.  Accordingly, the defendant constitutes a danger to the community.  18 U.S.C. § 3142(g)(4).

5.    The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community.  18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community and a

serious risk of flight if released prior to trial.  The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this / day of February, 2000.

LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Roger Powell (FTL)
Pretrial Services (FTL)
Michael Hursey, Esq.

4